**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

JESSICA GUZMAN, *on behalf of herself,*
*FLSA Collective Plaintiffs, and the Class*,

       Plaintiff,

26 MOTORS CORP.
     d/b/a 26 MOTORS
26 MOTORS QUEENS INC.
     d/b/a 26 MOTORS
26 MOTORS JAMAICA INC.
     d/b/a 26 MOTORS
26 MOTORS LONG ISLAND LLC
     d/b/a 26 MOTORS
26 MOTORS OF FRANKLIN SQUARE LLC
     d/b/a 26 MOTORS
MOSHE POURAD,
YOSEF AYZENCOT, and
AHARON BENHAMO

       Defendants.

_____

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

     Plaintiff,  JESSICA GUZMAN ("Plaintiff"), on  behalf of herself and others similarly

situated, by and through her undersigned attorneys, hereby files this Class and Collective

Action Complaint against Defendants, 26 MOTORS CORP. d/b/a 26 MOTORS, 26 MOTORS

QUEENS INC. d/b/a 26 MOTORS, 26 MOTORS JAMAICA INC. d/b/a 26 MOTORS, 26

MOTORS LONG ISLAND LLC d/b/a 26 MOTORS, 26 MOTORS OF FRANKLIN SQUARE

1

LLC d/b/a 26 MOTORS ("Corporate Defendants"), MOSHE POURAD, YOSEF AYZENCOT, and AHARON BENHAMO ("Individual Defendants," and together with Corporate Defendant, "Defendants") and states as follows:

## INTRODUCTION

1.     Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid overtime due to a fixed salary, (3) unpaid wages, including overtime, due to time-shaving, (4) liquidated damages and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid overtime due to a fixed salary, (3) unpaid wages, including overtime, due to time-shaving, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

3.     Plaintiff further alleges that she was retaliated against in violation of the FLSA and the NYLL and is entitled to recover from Defendants (1) compensatory damages, (2) punitive damages, and (3) attorneys' fees and costs thereof.

4.     Plaintiff further alleges that, pursuant to the New York State Human Rights Law, New York Executive Law §296 ("NYSHRL"), and the New York City Human Rights Law Administrative Code of the City of New York § 8-107 ("NYCHRL"), that she was deprived of her statutory rights as a result of Defendants' discriminating against her based on her pregnancy and seeks to recover (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

7.     Plaintiff JESSICA GUZMAN is a resident of Bronx County, New York.

8.     Defendants own and operate a chain of pre-owned 5-star car dealerships in New York City under the trade name "26 Motors" at the following locations:

(a)  4015 Boston Road, Bronx. NY 10466 (26 Motors Bronx);

(b)  3981 Boston Road, Bronx. NY 10466 (26 Motors Bronx 2);

(c)  4055 Boston Road, Bronx. NY 10466 (26 Motors Bronx 3);

(d)  4077 Boston Road, Bronx. NY 10466 (26 Motors Bronx 4);

(e)  181-07 Jamaica Avenue, Hollis, NY, 11423 ("26 Motors Jamaica");

(f)  72-30 Queens Blvd., Woodside NY, 11377 ("26 Motors Queens);

(g)  1305 Hempstead Turnpike, Elmont, NY 11003 ("26 Motors Long Island");

(h)  707 Hempstead Turnpike, Franklin Square, NY, United States 11010 (26 Motors Franklin Square")

9.     Corporate Defendant 26 MOTORS CORP. d/b/a 26 MOTORS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 4015 Boston Road, Bronx. NY 10466, and an address for service of process located at 3981 Boston Road, Bronx, NY, United States 10469. *See* **Exhibit 1**.

10.     Corporate Defendant 26 MOTORS JAMAICA INC. d/b/a 26 MOTORS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 181-07 Jamaica Avenue, Hollis, NY, United States 11423. *See* **Exhibit 1.**

11.     Corporate Defendant 26 MOTORS QUEENS INC. d/b/a 26 MOTORS is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 72-30 Queens Blvd., Woodside NY, 11377, and an address for service of process located at 72-12 Queens Blvd., Woodside, NY, United States 11377. *See* **Exhibit 1**.

12.     Corporate Defendant 26 MOTORS LONG ISLAND LLC d/b/a 26 MOTORS is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 1305 Hempstead Turnpike, Elmont, NY 11003, and an address for service of process located at 707 Hempstead Turnpike, Franklin Square, NY, United States 11010. *See* **Exhibit 1**.

13.     Corporate Defendant 26 MOTORS FRANKLIN SQUARE LLC d/b/a 26 MOTORS is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 707 Hempstead Turnpike, Franklin Square, NY, United States 11010. *See* **Exhibit 1**.

14.     Individual Defendant MOSHE POURAD is a founder and co-owner of Corporate Defendants. **Exhibit 2; Exhibit 3**. MOSHE POURAD exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. MOSHE POURAD had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of

4

employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees of each of the three Businesses could complain to MOSHE POURAD directly regarding any of the terms of their employment, and MOSHE POURAD would have the authority to effect any changes to the quality and terms of employees' employment. MOSHE POURAD directly reprimanded any employee who did not perform his duties correctly. MOSHE POURAD exercised functional control over the business and financial operations of the Corporate Defendant.

15.    Individual Defendant YOSEF AYZENCOT is a founder and co-owner of Corporate Defendants. **Exhibit 2; Exhibit 3**. YOSEF AYZENCOT exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. YOSEF AYZENCOT had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees of each of the three Businesses could complain to YOSEF AYZENCOT directly regarding any of the terms of their employment, and YOSEF AYZENCOT would have the authority to effect any changes to the quality and terms of employees' employment. YOSEF AYZENCOT directly reprimanded any employee who did not perform his duties correctly. YOSEF AYZENCOT exercised functional control over the business and financial operations of the Corporate Defendant.

16.    Individual Defendant AHARON BENHAMO is a founder and co-owner of Corporate Defendants. **Exhibit 2; Exhibit 3**. AHARON BENHAMO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. AHARON BENHAMO had and exercised the power and authority to (i) fire and

hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees of each of the three Businesses could complain to AHARON BENHAMO directly regarding any of the terms of their employment, and AHARON BENHAMO would have the authority to effect any changes to the quality and terms of employees' employment. AHARON BENHAMO directly reprimanded any employee who did not perform his duties correctly. AHARON BENHAMO exercised functional control over the business and financial operations of the Corporate Defendant.

17.     Corporate Defendants operate or operated the Restaurants as a single integrated enterprise, under the control of their owners, Individual Defendants MOSHE POURAD, YOSEF AYZENCOT, and AHARON BENHAMO. Individual Defendants MOSHE POURAD, YOSEF AYZENCOT, and AHARON BENHAMO own and operate each Corporate Defendant. Specifically, Corporate Defendants are engaged in related activities, share common ownership and have a common business purpose:

(a)  All the businesses share the trade name and trademark "26 Motors."

(b)  All the businesses are advertised on the website: https://www.26motors.com/. The website similarly contains links to each "26 Motors" individual website. **Exhibit 4**.

(c)  All the businesses are "certified pre-owned 5-star dealership whose primary focus is on luxury and exotic cars."

(d)  All the businesses utilize a central Human Resources Department.

(e)  All the businesses utilize the same employee handbook and policies.

(f) Employees are required to interchange between the locations as necessary. Specifically, Plaintiff observed managers and salesmen transfer between all of the locations.

(g) Furthermore, Plaintiff transferred between all of Defendants' locations in Bronx. Plaintiff was offered by Defendants to transfer and work at Defendants' other locations, including Queens, but Plaintiff declined due to travel difficulties.

18.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

19.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

20.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, mechanics, receptionists, sales representatives, business development center representatives, customer service representatives, and janitors) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

21.    At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to (i) pay them their lawful overtime premiums, (ii) pay them proper wages for all hours worked due

to time-shaving, and (iii) pay them their lawful overtime due to an improper fixed salary. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

22.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

23.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including, but not limited to, mechanics, receptionists, sales representatives, business development center representatives, customer service representatives, and janitors) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

24.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

25.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of

that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

26.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime premiums, (ii) failing to pay overtime compensation due to an improper fixed salary, (ii) failing to pay proper wages, including overtime, due to a policy of time-shaving, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

27.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d)     Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e)     Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

(f)     Whether Defendants paid Plaintiff and Class members the proper wages for all hours worked under the New York Labor Law;

(g)     Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis;

(h)     Whether there was an agreement between the Defendants and Plaintiff and Class members that the fixed salary would cover all hours worked, including those in excess of forty (40);

(i)     Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

**(j)**     Whether Defendants provided proper wage and hour notices to Plaintiff and Class members, at date of hiring and annually, per requirements of the New York Labor Law.

## STATEMENT OF FACTS

31.     In or about January 2022, to July 1, 2022, Plaintiff JESSICA GUZMAN was employed by Defendants as a customer representative at Defendants. On or around August 24, 2022, Plaintiff GUZMAN was re-hired by Defendants as a customer representative. Plaintiff is currently on maternity leave.

32.     Throughout her employment, Plaintiff worked from Sundays to Fridays, from 9:00 a.m. to 7:00 p.m.

33.     From the start of her employment to June 4, 2022, Plaintiff was compensated at a straight time rate of sixteen ($16) dollars per hour for all hours worked, including overtime hours in excess of forty (40). Starting on June 4, 2022, to July 1, 2022, and then from August 24, 2022 to the present, Plaintiff was compensated at a fixed salary of six hundred and fifty ($650) dollars per week. There was never any agreement with Plaintiff that such a fixed salary would cover her overtime hours in excess of forty (40).

34.     Throughout her employment, Plaintiff failed to receive her overtime premiums, due to being paid at a straight time rate. Similarly, FLSA Collective Plaintiffs and Class Members failed to receive their overtime premiums for hours worked in excess of forty (40).

35.     During her employment, while being compensated on a fixed salary basis, Plaintiff was not compensated with her overtime premiums for working hours in excess of forty (40) due to the fixed salary. Furthermore, there was never any agreement between Plaintiff and Defendants that this fixed salary would cover Plaintiff's overtime hours worked in excess of forty (40). Similarly, when FLSA Collective Plaintiffs and Class Members were compensated on a fixed salary basis, they too never had any agreement with Defendants that this fixed salary would cover overtime hours worked in excess of forty (40).

36.     Throughout her employment, Plaintiff had thirty (30) minutes deducted each day for a meal break. Approximately four (4) times per week, Plaintiff was unable to take a free and clear break because she was too busy with work. However, Defendants would still deduct these thirty (30) minutes anyway, regardless of whether Plaintiff was able to take a free and clear meal break. Similarly, FLSA Collective Plaintiffs and Class Members failed to receive

37.     The wage statements provided by Defendants to Plaintiff were fraudulent at all times as they failed to include any of the requisite information required by the NYLL. Furthermore, the wage statements failed to accurately reflect the actual number of hours that Plaintiff worked, Plaintiff's proper compensation, and any deductions. From the start of her employment until June 4, 2022, Plaintiff did not receive any overtime premiums as she was compensated at a straight time rate. Starting on June 4, 2022, to the end of her employment, Plaintiff was compensated at a fixed salary of $650 per week, with no overtime. Similarly, Class members failed to receive proper wage statements. See **Exhibit 5**.

38.     Plaintiff never received a proper wage and hour notice from the Defendants at hiring. Similarly, Class members never received proper wage and hour notices from Defendants.

39.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements and wage notices as required under New York Labor Law.

40.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature.  Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiffs' interest in ensuring proper pay.  Despite Defendants' conduct, there is a reason why the New York legislature concluded

that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

41.     Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendants' conduct actually harmed Plaintiff and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

42.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members. This delayed payment caused Plaintiff to struggle to timely pay

bills. Class members similarly struggle to timely pay debts due to Defendants continued attempts to hide wrongdoing from employees.

43.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members their proper overtime premiums due to paying employees at a straight time rate.

44.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members their proper overtime due to an improper fixed salary.

45.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to Defendants' policy of time-shaving.

46.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

47.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

*Plaintiff GUZMAN's Discrimination Claims*

48.     In addition to the above, Plaintiff GUZMAN suffered from Defendants' discriminatory practices due to her pregnant status, as described below.

49.     Plaintiff GUZMAN was pregnant during her employment. Plaintiff was hired by Defendants while knowing that she was pregnant.

50.     Throughout her employment, during her pregnancy, Defendants refused to provide reasonable accommodations to Plaintiff in the form of time off from work to go to doctor's visits relating to her pregnancy.

51.     Specifically, Defendants refused to allow Plaintiff to take more than one (1) day off per week, even when she had multiple doctors appointments scheduled throughout the week.

52.     Rather than permit Plaintiff to take time off to attend the other doctors' appointments scheduled in a week, Defendants instead required Plaintiff to cancel the other appointments and re-schedule them to another week.

53.     By failing to provide reasonable accommodations to Plaintiff in light of her pregnant status, Defendants have discriminated against Plaintiff GUZMAN. Because of these discriminatory policies, Plaintiff GUZMAN has suffered from stress, anxiety, physical discomfort and emotional humiliation while working for Defendants.

*Plaintiff GUZMAN's Retaliation Claim*

54.     Plaintiff GUZMAN further alleges that Defendants retaliated against her.

55.     In anticipation of her maternity leave, Plaintiff had agreed upon a post-pregnancy plan with Defendants, whereby Defendants would permit Plaintiff to work remotely after her maternity leave concluded.

56.     As standard practice, Plaintiff's counsel sent a pre-litigation demand letter to Defendants, in an attempt to permit for pre-litigation resolution of the matter, advising Defendants that Plaintiff had claims against them for unpaid wages and discrimination.

57.     However, upon receipt of the demand letter, Defendants immediately called Plaintiff in for a meeting, where she was required to wait for two (2) hours, unpaid.

58.     At the meeting, Defendants informed her they would not permit her to take maternity leave, and that any prior arrangements were cancelled, and Plaintiff "was on her own" after her pregnancy.

59.     As a result, it is clear that Defendants retaliated against Plaintiff for the pre-litigation demand letter. But for notice of her potential lawsuit regarding her unpaid wages and discrimination, Plaintiff would have been permitted to take paid maternity leave and continued her employment via remote work during her post-pregnancy period.

60.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

61.     Plaintiff realleges and reavers Paragraphs 1 through 60 of this Class and Collective action Complaint as if fully set forth herein.

62.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

64.     At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

65.    At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek due to compensating Plaintiff and FLSA Collective Plaintiffs on a straight-time basis.

66.    At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek due to a fixed salary.

67.    At all relevant times, Defendants had a policy and practice of failing to pay proper wages to Plaintiff and FLSA Collective Plaintiffs due to Defendants' policy of time-shaving.

68.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs (i) the proper overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week due to being paid at a straight time rate, (ii) the proper overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week due to fixed salaries and (iii) their proper wages due to Defendants policy of time-shaving.

69.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

70.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

71.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premiums, unpaid overtime due to fixed salary, unpaid wages due to time shaving, plus an equal amount as liquidated damages.

72.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

73.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

74.     Plaintiff realleges and reavers Paragraphs 1 through 73 of this Class and Collective Action Complaint as if fully set forth herein.

75.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

76.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

77.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the

regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to a fixed salary.

78.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper compensation for all hours worked due to a policy of time-shaving.

79.     Defendants knowingly and willfully failed to provide proper wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class members, as required by New York Labor Law § 195(1).

80.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

81.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime premiums, unpaid overtime compensation due to a fixed salary, unpaid wages due to time shaving, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

82.     Plaintiff realleges and reavers Paragraphs 1 through 81 of this Class and Collective Action Complaint as if fully set forth herein.

83.     At all relevant times, Plaintiff was an employee of Defendants within the meaning of the FLSA, and was a person covered by and intended to benefit from the provisions of the FLSA

84.     Section 15(a)(3) of the FLSA provides that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint […] under or related to this Act."

85.     As alleged herein, Plaintiff's counsel sent a pre-litigation demand letter to Defendants regarding Defendants improper wage and hour policies and discriminatory acts. In response to such complaints, Defendants cancelled all of the previously agreed maternity leave and remote working accommodations they had with Plaintiff, in violation of Section 15(a)(3).

## COUNT IV

## RETALIATION UNDER THE NEW YORK LABOR LAW

86.     Plaintiff realleges and reavers Paragraphs 1 through 85 of this Class Action Complaint as if fully set forth herein.

87.     Defendant willfully violated the New York Labor Law by retaliating against Plaintiff when they cancelled her paid maternity leave and continued remote employment during her post-pregnancy period, as a result of Plaintiff's pre-litigation demand letter.

88.     At all relevant times, Plaintiff was an employee of Defendants within the meaning of the NYLL, and was a person covered by and intended to benefit from the provisions of the NYLL

89.     Defendant's actions constituted a violation of Sections 215 of the NYLL.

90.     In relevant part, NYLL § 215(1)(a) states:

> No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the

> employer has engaged in conduct that the employee,
> reasonably and in good faith, believes violates any
> provision of this chapter, or any order issued by the
> commissioner. . . .

91.     As a result of the pre-litigation demand letter, warning Defendants of an incoming lawsuit based on their illegal wage policies and discriminatory acts, Defendants retaliated against Plaintiff by terminating their agreements regarding Plaintiff's maternity leave and continued remote employment during her post-pregnancy period.

92.     Defendants' conduct was in willful disregard of the provisions of the NYLL.

93.     Plaintiff has suffered economic losses as well as emotional and mental distress as the result of Defendants' unlawful retaliation.

94.     Due to Defendants' retaliation, Plaintiff GUZMAN is entitled, pursuant to the NYLL, to recover from Defendant, compensatory damages, punitive damages, and all other penalties the Court deems appropriate.

## COUNT V

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW,

## ADMINISTRATIVE CODE OF THE CITY OF NEW YORK § 8-107 ("NYCHRL")

95.     Plaintiff realleges and reavers Paragraphs 1 through 94 of this Class and Collective Action Complaint as if fully set forth herein.

96.     At all relevant times, Plaintiff GUZMAN was an employee within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

97.     Defendants operated a business that discriminated against Plaintiff GUZMAN in violation of the NYCHRL by discriminating against Plaintiff with respect to the terms, conditions, and privileges of her employment due to her pregnancy by failing to reasonably

accommodate Plaintiff's reasonable requests for time-off to attend doctor's appointments related to her pregnancy.

98.     Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff GUZMAN's protected rights under the NYCHRL.

99.     As a result of Defendants' unlawful discriminatory practices, Plaintiff GUZMAN sustained injury, including economic damages and past and future physical and emotional distress.

100.    Due to Defendants' violations under the NYCHRL, based on discrimination on the basis of sexual orientation, Plaintiff GUZMAN is entitled to recover from Defendants: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorney's fees and costs.

## COUNT VI

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

101.    Plaintiff realleges and reavers Paragraphs 1 through 100 of this Class and Collective Action Complaint as if fully set forth herein.

102.    The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of pregnancy.

103.    Plaintiff GUZMAN was an employee and qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

104.    Defendants operated a business that discriminated against Plaintiff GUZMAN in violation of Section 296(1)(a) and 296(3)(a) with respect to the terms, conditions, and privileges of her employment because of her pregnancy status by failing to reasonably

accommodate Plaintiff's reasonable requests for time-off to attend doctor's appointments related to her pregnancy.

105.    Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff GUZMAN's protected rights under Section 296 of the NYSHRL.

106.    As a result of Defendants' unlawful discriminatory practices, Plaintiff GUZMAN sustained injury, including economic damages and past and future physical and emotional distress.

107.    Due to Defendants' violations under the NYSHRL, based on discrimination based on Plaintiff's pregnancy, Plaintiff GUZMAN is entitled to recover from Defendants: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA the NYLL, the NYSHRL, and the NYCHRL;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid overtime premiums due under the FLSA and NYLL;

d.    An award of unpaid overtime compensation due to fixed salaries due under the FLSA and NYLL;

e.    An award of unpaid wages due under the FLSA and the NYLL, including those due to Defendants' time-shaving practices;

f.    An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, including overtime compensation, pursuant to the FLSA;

h.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, including overtime compensation, pursuant to the NYLL;

i.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.    An award of damages for Defendants' retaliation;

k.    An award of backpay, compensatory damages, and punitive damages due under the NYSHRL;

l.    An award of backpay, compensatory damages, and punitive damages due under the NYCHRL;

m.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

n.    Designation of this action as a class action pursuant to F.R.C.P. 23;

o.    Designation of Plaintiff as Representative of the Class; and

p.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:    January 12, 2023

Respectfully submitted,

By:    _/s/ C.K. Lee_____
C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
_Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class_