UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA GUZMAN, *on behalf of herself, FLSA Collective Plaintiffs, and the Class*,<br><br>Plaintiffs,<br><br>-against-<br><br>26 MOTORS CORP. d/b/a 26 MOTORS 26 MOTORS QUEENS INC. d/b/a 26 MOTORS 26 MOTORS JAMAICA INC. d/b/a 26 MOTORS 26 MOTORS LONG ISLAND LLC d/b/a 26 MOTORS 26 MOTORS OF FRANKLIN SQUARE LLC d/b/a 26 MOTORS MOSHE POURAD, YOSEF AYZENCOT, and AHARON BENHAMO,<br><br>Defendants. | 1:23-cv-00283 |

**DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR ALL DEFENDANTS**

Sacco & Fillas, LLP<br>
Clifford Tucker, Esq.<br>
31-19 Newtown Ave., 7th Floor<br>
Astoria, New York 11102<br>
Ph: 718-269-2243<br>
CTucker@SaccoFillas.com

1. **PRELIMINARY STATEMENT**

This is a class and collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, (FLSA) and New York Labor Law (NYLL). The undersigned represents all Defendants.

Clifford Tucker, Esq. an associate at the firm Sacco & Fillas LLP respectfully submits this declaration in support of the motion for an order, pursuant to NY R USDCTS&ED Civ Rule 1.4 and NY ST RPC Rule 1.16 granting leave to Sacco & Fillas LLP, Clifford Tucker, Esq., and James Wolff (collectively "Defendants' Counsel") to withdraw as counsel for all Defendants, and for such other and further relief as this Court deems proper.

The Court should grant the instant motion because all Defendants consented to the instant withdrawal and substituted counsel, which effectively discharged counsel.

2. **ARGUMENT**

Defendants' Counsel respectfully requests to withdraw as counsel for all Defendants because all Defendants consent to the withdrawal and substitution. ECF No. 8 and 9. Nothing in the posture of this case should prevent withdrawal because withdrawal does not affect any other claim or defense, nor does withdrawal prejudice a party or adversely affect judicial resources. The action is not on the trial calendar. For the foregoing reasons, this Court should grant the instant motion.

NY R USDCTS&ED Civ Rule 1.4 states:

> "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties." *Id.*

In applying Rule 1.4, "district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Karimian v. Time Equities, Inc., No.* 10

CIV. 3773 AKH JCF, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011). Both factors favor granting the instant motion.[1]

### 2.1. Satisfactory Reasons Support the Withdrawal Because Withdrawal can be Accomplished Without Material Adverse Effect on the Interests of the Client, Defendants Knowingly and Freely Assent to Termination of the Employment, and the Lawyer Believes in Good Faith that the Court will find the Existence of Other Good Cause for Withdrawal.

Satisfactory reasons support this withdrawal motion because Defendants voluntarily consented to the withdrawal and substituted counsel. ECF No. 8 and 9. Under these circumstances, Defendants' Counsel is effectively discharged from representation. Consequently, the Court should grant the instant motion.

The instant motion meets criteria in NY ST RPC Rule 1.16 because "a lawyer may withdraw from representing a client when: (c)(1) withdrawal can be accomplished without material adverse effect on the interests of the client, … (10) the client knowingly and freely assents to termination of the employment, … (12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." *Id.* Furthermore, "a lawyer shall withdraw from the representation of a client when … (3) the lawyer is discharged." *Id.* Withdrawal is also proper because "a client has an absolute right to discharge an attorney at any time." *Teichner by Teichner v. W & J Holsteins, Inc.*, 64 N.Y.2d 977, 979, 478 N.E.2d 177, 178 (1985). "When counsel has been discharged – and agreed to the termination – the order to withdraw should issue except under the most compelling circumstances." *Allen v. Krucial Staffing, LLC*, No. 20-CV-2859 (JGK), 2022 WL 2106447, at *1 (S.D.N.Y. June 9, 2022); *see also e.g., Negrin v. Kalina,* No. 09 CIV. 6234 LGS KNF, 2013 WL 1736470 (S.D.N.Y. Apr. 12, 2013) (granting withdrawal where client consents).

---

[1] The undersigned is asserting a lien to ensure any outstanding payments are made for services rendered to date upon submission of a final bill.

Alternatively, if the Court denies the instant motion, then Defendants' Counsel would submit to an ex parte conference with the Court concerning the withdrawal because "motions to withdraw sometimes pose a unique challenge for counsel." *Interpool, Inc. v. JJS Transportation & Distribution Co.*, No. 22CV01103JMAJMW, 2022 WL 17335670, at *6 (E.D.N.Y. Nov. 30, 2022). "They ofttimes require a balancing: on the one hand, the motion must sufficiently articulate the basis for the withdrawal, while on the other, it must not divulge client confidences, privileged communications or otherwise cause prejudice to the client." *Id.*

For the foregoing reasons, the Court should grant the instant motion.

### 2.2. The Posture of the Case and Position on the Calendar Allow Withdrawal Because Defendants have Incoming Counsel to Defend the Action Without Disruption and the Action is not on the Trial Calendar.

Withdrawing from representation does not disrupt defense of the suit because the action is not on the trial calendar and incoming counsel already consented to the substitution ECF No. 8 and 9. The Court should grant the instant motion.

Withdrawal here will have minimal, if any, effect on the prosecution of the action. "In addressing motions to withdraw as counsel, district courts have typically considered whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). Litigation and motion practice to date includes filing of the Complaint. ECF No. 1. The action is not on the trial calendar and discovery has not commenced. Withdrawing from representing Defendants does not prejudice any party. This Court should grant the instant motion.

### 3. CONCLUSION

In conclusion, satisfactory reasons support withdrawal because Defendants voluntarily consent to withdrawal and substitution, effectively discharging counsel. For the foregoing reasons, the undersigned respectfully requests that the Court grant the instant motion.

5

We thank the Court for their time and attention to this matter.

                              Signed,

                              By: _____/s/ *Clifford Tucker*_____
                                      Clifford Tucker, Esq.