# NICHOLAS GOODMAN & ASSOCIATES, PLLC

**333 PARK AVENUE SOUTH, SUITE 3A**
**NEW YORK, N.Y. 10010**

H. NICHOLAS GOODMAN

PATRICK L. SELVEY, JR.

(212) 227-9003

CAMILLE M. ABATE
ROBERT P. PREUSS*
OF COUNSEL

DUANA RIVERA
PARALEGAL
*ALSO ADMITTED IN NEW JERSEY

April 17, 2023

**VIA ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

   Re: **Guzman v. 26 Motors Corp. *et al*.**
      **Case No. 1:23-cv-00283-KPF**

Your Honor,

This firm represents Defendants in the above referenced action. Pursuant to this Court's Individual Rules of Practice in Civil Cases, we respectfully submit this pre-motion letter for a conference regarding an anticipated motion **(1)** pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all counts as against Moshe Pourad, Yosef Ayzencot, and Aharon Benhamo ("Individual Defendants") and 26 Motors Queens Inc., 26 Motors Jamaica Inc., 26 Motors Long Island LLC, and 26 Motors of Franklin Square LLC ("Corporate Defendants"); **(2)** to dismiss claims under N.Y. Lab. Law § 195(1) and (3) for lack of Article III standing **(3)** to dismiss counts V and VI for alleged violations of the New York City and State Human Rights laws for lack of jurisdiction; and, **(4)** for such other and further relief as this Court deems appropriate.

The standard to review a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is well settled. Legal conclusions "must be supported by factual allegations" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The complaint does not plausibly allege individual Defendants are "employers" under the Fair Labor Standards Act, ("FLSA") or New York Labor Law ("NYLL"); Plaintiff copied and pasted the elements of the 'economic reality' test without factual support. ECF No. 1, ¶ 14-16.[1] "Mere recitation that an individual defendant satisfies the elements of the economic reality test, without pleading any factual allegations supporting that claim, is similar to a legal conclusion that does not 'raise a right to relief above the speculative level'." *Ayala v. Looks Great Servs., Inc.,* No. 14-cv-6035 (ADS) (SIL), 2016 WL 3541548 (E.D.N.Y. June 23, 2016); *Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298 (PAE), 2016 WL 4147241 (S.D.N.Y. Aug. 3, 2016) (*citing Tracy v. NVR, Inc*., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) "bare allegations of an individual's control over employee-plaintiffs that are based solely upon the

---

[1] "The 'economic reality' test since has been refined and now is understood to include inquiries into whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll*., 735 F.2d 8, 12 (2d Cir. 1984), *holding modified by Danneskjold v. Hausrath*, 82 F.3d 37 (2d Cir. 1996), *and holding modified by Zheng v. Liberty Apparel Co. Inc.,* 355 F.3d 61 (2d Cir. 2003).

**NICHOLAS GOODMAN & ASSOCIATES, PLLC**

individual's job title and presumed duties are insufficient"); *Li v. Ichiro Sushi, Inc.,* No. 14-cv-10242 (AJN), 2016 WL 1271068, at *6 (S.D.N.Y. Mar. 29, 2016).

Additionally, the Complaint is deficient because it does not allege the Individual Defendants actually participated in hiring, firing, paying, setting pay rates or work hours or even met Plaintiff. "Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013). There must be "some degree of individual involvement in a company in a manner that affects employment-related factors." *Id*. Exhibits 2 and 3, "stop [] short of the line between possibility and plausibility;" they say nothing of individual Defendants' employer capacity, let alone that they hire, fire, supervise, set schedules, set pay or any other factor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). No actual employer-involvement by the Individual Defendants is alleged beyond a bare recitation of the "economic reality" factors.

To conceal these deficiencies, the complaint impermissibly lumps all Defendants together. "Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.*, 12 Civ. 2837 (KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012), *aff'd*, 530 F. App'x 19 (2d Cir. 2013) (*citing Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir.2001) and Fed. R. Civ. P. 8). "Plaintiff cannot merely lump[ ] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Id*. "Plaintiff cannot force the various defendants to guess at the nature of its claims." *Ochre LLC*, 12 Civ. 2837 (KBF), 2012 WL 6082387, at *7, *aff'd*, 530 F. App'x 19; *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 17 Civ. 802 (GBD), 2018 WL 1166626, at *9 (S.D.N.Y. Feb. 15, 2018) (lumping defendants into one allegation without facts is insufficient for *Twombly/Iqbal*); *Leneau v. Ponte*, No. 16-cv-776 (GHW), 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018), *appeal dismissed* (2d Cir. July 16, 2018) ("group pleading" that "fail[s] to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.").

Additionally, the Complaint fails to plausibly allege any of the individual Defendants are individually liable under counts V and VI for alleged violations of Administrative Code § 8-107 ("NYCHRL") and Executive Law § 296 ("NYSHRL"). If the complaint is deficient under the broad economic reality test, then the complaint cannot meet the more stringent tests under the NYCHRL and NYSHRL. *See Doe v Bloomberg, L.P.,* 36 N.Y.3d 450, 484 [2021] (economic reality test has no application to NYCHRL; NYCHRL defines "employer" more narrowly). "Where a plaintiff's employer is a business entity, the shareholders, agents, limited partners, and employees of that entity are not employers within the meaning of the City HRL." *Id.* "Rather, those individuals may incur liability only for their own discriminatory conduct, for aiding and abetting such conduct by others, or for retaliation against protected conduct." *Id*; *Matter of Totem Taxi, Inc. v New York State Human Rights Appeal Bd.,* 65 N.Y.2d 300, 305 (1985) (holding employer cannot be liable under NYSHRL for employee's discriminatory act unless employer became party to it by encouraging, condoning or approving it); *supra* (Fed. R. Civ. P. 8 against lumping); *Croci v. Town of Haverstraw*, 116 A.D.3d 993, 994 (2d Dep't 2014) (deficient pleading "since the plaintiff failed to allege aiding, abetting, inciting, compelling, or coercing of individual defendant).

The Court should dismiss all counts against the Corporate Defendants premised on a single-enterprise theory because Plaintiff worked exclusively in the Bronx and did not transfer between any other locations, and no other corporate entity exercised any control over her. ECF No. 1, ¶ 17(g). "Courts have found allegations insufficient to plead the existence of a single integrated enterprise where, despite allegations of common ownership, the pleadings failed to put forth non-conclusory allegations of the interrelation of operations or centralized control of labor relations." *Chui-Fan Kwan v. Sahara Dreams*

**NICHOLAS GOODMAN & ASSOCIATES, PLLC**

*Co. II Inc.*, 17-cv-4058 (RA), 2018 WL 6655607, at *3 (S.D.N.Y. Dec. 19, 2018). "For example, allegations that several restaurant chain locations were listed on the same website and had identical menus were insufficient … absent any allegations of centralized control." *Id*. "Similarly, allegations were considered insufficient …where, despite allegations of common ownership and common purpose, the pleadings failed to allege that the corporate defendants had any formal or functional control over the plaintiff-employees." *Id*.; *see also Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580 (S.D.N.Y. 2020) (noting common website and name for marketing does not make each responsible for labor violations of the other). Here, Plaintiff does not even allege that any Corporate Defendant specifically exercised any formal or functional control over her employment whatsoever.

Plaintiff lacks standing to bring claims for violations of N.Y. Lab. Law § 195 because "[t]echnical statutory violations that do not lead 'to either a tangible injury or something akin to a traditional cause of action;' cannot sustain Article III standing in federal court." *Sevilla v. House of Salads One LLC*, No. 20-cv-6072 (PKC))(CLP), 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022) (*citing TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021); *Maddox v. Bank of New York Mellon Tr. Co., N.A.,* 19 F.4th 58, 62–63 (2d Cir. 2021)); *Francisco v. NY Tex Care, Inc.*, 19-cv-1649 (PKC) (ST), 2022 WL 900603 (E.D.N.Y. Mar. 28, 2022); *Wang v. XBB, Inc.*, No. 18-cv-7341 (PKC) (ST), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022); *Metcalf v. TransPerfect Translations Int'l, Inc.*, 19 Civ. 10104 (ER), 2022 WL 4661926 (S.D.N.Y. Sept. 30, 2022) (no standing for NYLL 195 violations); *Gao v. Umi Sushi*, 18-cv-06439 (ALC)(SN), 2023 WL 2118203 (S.D.N.Y. Jan. 31, 2023), *report and recommendation adopted sub nom. Gao v. Umi Sushi, Inc.*, 18-cv-6439 (ALC) (SN), 2023 WL 2118080 (S.D.N.Y. Feb. 17, 2023).

"District courts have supplemental jurisdiction over state-law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Underwood v. Coinbase Glob., Inc.*, 21 Civ. 8353 (PAE), 2023 WL 1431965, at *12 (S.D.N.Y. Feb. 1, 2023). "It is well-established that federal wage-and-hour claims, which can be resolved through testimony and documents regarding the hours Plaintiff worked and the compensation he received, are, in general, factually distinct from state discrimination claims, which turn on whether [Plaintiff] suffered adverse employment actions, [and] whether racial or [other discriminatory] animus motivated those actions." *Dervisevic v. Wolfgang's Steakhouse, Inc.*, 19-cv-814 (VEC), 2019 WL 6251197, at *2 (S.D.N.Y. Nov. 22, 2019). "The employment relationship between Plaintiff and Defendants would be the sole fact connecting his discrimination claims to his FLSA claims, and that relationship is not enough." *Id*.

That Plaintiff was allegedly denied time for doctor's visits for pregnancy is unrelated to FLSA claims. ECF No. 1, ¶ 51. Allegations that Defendants revoked remote work after Plaintiff served a demand letter may support alleged FLSA and NYLL retaliation, but the pregnancy discrimination was allegedly ongoing and continued. Discrimination did not arise out of the FLSA claims. Even if there is tangential overlap, "the complexity and evidence necessary for Plaintiff to prove [the] state discrimination claims … would be still substantially differ and predominate." *Dervisevic,* No. 19-cv-814 (VEC), 2019 WL 6251197, at *3. There is insufficient factual overlap for jurisdiction.

For the foregoing reasons, the Court should grant the instant letter motion. We thank the Court for the time and attention to this matter.

Respectfully submitted,

*/s/ Patrick L. Selvey*
Patrick L. Selvey, Esq.