# NICHOLAS GOODMAN & ASSOCIATES, PLLC

### 333 PARK AVENUE SOUTH, SUITE 3A
### NEW YORK, N.Y. 10010

H. NICHOLAS GOODMAN

PATRICK L. SELVEY, JR.

**(212) 227-9003**

ALFRED R. FUENTE
*COUNSEL*

CAMILLE M. ABATE
ROBERT P. PREUSS*
*OF COUNSEL*
*ALSO ADMITTED IN NEW JERSEY

May 12, 2023

**VIA ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

> Re:   **Guzman v. 26 Motors Corp. *et al*.**
>        **Case No. 1:23-cv-00283-KPF**

Your Honor,

This firm represents Defendants in the above referenced action. Pursuant to this Court's Individual Rules of Practice in Civil Cases, we respectfully submit this pre-motion letter for a conference regarding an anticipated motion for leave to withdraw Defendants' Rule 68 Offer of Judgment and reject Plaintiff's purported acceptance of Defendants' Rule 68 Offer of Judgment (Dkt. No. 19) and Proposed Rule 68 Judgment (Dkt. No. 20), on the basis that Plaintiffs' subsequent service of the First Amended Class and Collective Action Complaint (the "Amended Complaint") constituted a rejection and rendered Defendants' prior Offer of Judgment a nullity.

On May 1, 2023, Defendants served an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure on Plaintiff's counsel seeking to resolve the pending litigation. Dtk. No. 19-1). At that time, Plaintiff Jessica Guzman ("Guzman") was the only individual Plaintiff and class/collective representative in the action. Thus, acceptance of Defendants' Offer of Judgement would have resolved the case in its entirety. In that context, the resolution of the entire then pending litigation was a clear condition of Defendants' offer.

On May 10, 2023, Plaintiffs' counsel served and filed Amended Complaint, which added Jocelynne Mora ("Mora") as an individual Plaintiff and potential class/collective representative in addition to Guzman.

Today, May 12, 2023, Plaintiff Guzman filed her purported acceptance of Defendants' Rules 68 Offer of Judgment, with the explicit caveat that "this matter is not dismissed and the claims of JOCELYNNE MORA shall persist." Dkt. No. 19.

Given Plaintiffs' Amended Complaint and the caveat set forth in Plaintiff Guzman's Notice of Acceptance of Offer of Judgment, counsel's purported an acceptance of Defendants' Rule 68 Offer of Judgment is actually a rejection and presentation of a counter-offer. While we have not located any caselaw in the Second Circuit expressly addressing the issue presented here, other

NICHOLAS GOODMAN & ASSOCIATES, PLLC

federal courts have held that acceptance of an Offer of Judgment must be unconditional, and that a conditional acceptance is no acceptance at all. *See, e.g. Bentley v. Bolger*, 110 F.R.D. 108, 113 (C.D. Ill. 1986).

As discussed in *Bentley*, a Rule 68 Offer of Judgment is in the nature of a contract, such that a proposal to accept on terms varying from those offered is in fact a rejection of the offer and the assertion of a counteroffer, thus ending the negotiation unless accepted by the original offeror. *Id., citing Iselin v. U.S.*, 271 U.S. 136 (1926). Here, Plaintiffs' counsel seeks to have his cake and eat it too, by accepting judgment on behalf of Plaintiff Guzman while adding not only a new term but an entirely new party to the case, thus permitting him to persist in litigation over the same facts and issues underlying Plaintiff's original action. This Court should not permit such sharp practice.

Having effectively rejected Defendants' Offer of Judgment by proposing alternative terms, Plaintiff cannot be permitted to enter judgment, and this Court should reject Plaintiff's proposed Judgment accordingly.

For the foregoing reasons, the Court should grant the instant letter motion. We thank the Court for its time and attention to this matter.

Respectfully submitted,

Patrick L. Selvey, Esq.