# Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   (212) 465-1188
                   cklee@leelitigation.com

May 16, 2023

**Via ECF:**
The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *Guzman v. 26 Motors Corp. et al*
                Case 1:23-cv-00283 (KPF)

Dear Judge Failla:

      We are counsel to Plaintiffs in the above-referenced matter and write in response to Defendants' letter of May 12, 2023, requesting a conference regarding an anticipated motion for leave to withdraw their Rule 68 Offer of Judgment ("Offer") to Plaintiff Guzman, which she accepted earlier that day (Dkt. Nos. 19-20). Defendants' basis for this motion is that Plaintiff Guzman was the sole plaintiff in this action when the Offer was made but had become one of two plaintiffs by the time the Offer was accepted. Hence, her acceptance of the Offer will not have the effect of terminating the entire case, and, according to Defendants, "the resolution of the entire then pending litigation was a clear condition of Defendants' offer."

      Plaintiffs do not disagree with Defendants that "a Rule 68 Offer of Judgment is in the nature of a contract, such that a proposal to accept on terms varying from those offered is in fact a rejection of the offer and the assertion of a counteroffer." But Plaintiff Guzman has not attempted to accept Defendants' Offer on any terms other than those set by Defendants themselves. The Offer is filed as Dkt. No. 19-1, and Plaintiffs have been unable to discover any clause that conditions Plaintiff Guzman's acceptance on "the resolution of the entire pending litigation." Nor is there a clause prohibiting Plaintiff Guzman from accepting the Offer in the event that another plaintiff had joined the case. If these things were important to Defendants, they should have inserted the appropriate language in the Offer. They did not, and that is their problem.

      Defendants also cannot argue that their supposedly "clear condition" was implicit in the Offer as some kind of good faith understanding. Suppose that Plaintiff Guzman had accepted the Offer before Plaintiff Mora could join the action, thereby compelling the latter to proceed with a new, independent complaint accompanied by a new docket number. Defendants would still be in exactly the same position as they are in now, and they would have no legal grounds to object to that. Accordingly, Defendants have in no way been harmed by Plaintiff Guzman's acceptance of the Offer. Since Defendants have not been harmed, there is no basis for implying a "clear condition" that was tacitly understood to prevent some harm.

The decision to join Plaintiff Mora to the pending action rather than initiate a new one was, of course, a procedural determination rendered by Plaintiffs' Counsel, not by Plaintiff Guzman personally. So, Defendants' argument is essentially that the Offer—which was made to Plaintiff Guzman, *not* to her Counsel—communicated to Plaintiff Guzman that she would need to somehow regulate the procedural choices made by her attorneys if she wanted to accept the Offer. Plaintiffs do not see how such a novel, indeed extraordinary, proposition could have been understood to be a "clear condition" of accepting the Offer.

For all the foregoing reasons, Defendants' "clear condition" is a clear fabrication. There is no basis, in either the text or in logic, for thinking that it exists. Finally, even if there were some conceivable ambiguity regarding the question at hand—and there is none—"an ambiguity in a contract should be construed against its drafter." *Herrera v. Katz Commc'ns Inc.*, 532 F. Supp. 2d 644, 647 (S.D.N.Y. 2008).  That drafter happens to be Defendants.

We thank the Court for considering our argument.


Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF