# Lee Litigation Group, PLLC
### 148 West 24th Street, Eighth Floor
### New York, NY 10011
### Tel: 212-465-1180
### Fax: 212-465-1181
### info@leelitigation.com

Writer's Direct:        (212) 465-1188
                        cklee@leelitigation.com

May 25, 2023

**Via ECF:**
The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    *Guzman v. 26 Motors Corp. et al*
                 Case 1:23-cv-00283 (KPF)

Dear Judge Failla:

We are counsel to Plaintiffs in the above-referenced matter. Pursuant to Your Honor's April 19, 2023 [Dkt. 17] Order, Plaintiffs write jointly with counsels to Defendants to provide the proposed case management plan and scheduling order attached as **Exhibit A** and joint letter regarding case status.

### 1) A brief statement of the nature of the action and the principal defenses thereto:

*Plaintiffs:*

This is a wage and hour case. Plaintiff Jessica Guzman ("Plaintiff Guzman") and Plaintiff Jocelynne Mora ("Plaintiff Mora", collectively, the "Plaintiffs"), on behalf of themselves and other similarly situated, brings claims against Defendants, 26 Motors Corp. d/b/a 26 Motors, 26 Motors Queens Inc. d/b/a 26 Motors, 26 Motors Jamaica Inc. d/b/a 26 Motors, 26 Motors Long Island LLC d/b/a 26 Motors, 26 Motors Of Franklin Square LLC d/b/a 26 Motors, Moshe Pourad, Yosef Ayzencot, and Aharon Benhamo ("Defendants") for unpaid wages under the FLSA and NYLL.

Plaintiffs bring claims for: (1) unpaid wages, including overtime; (2) statutory penalties; (3) liquidated damages; and (4) attorneys' fees and costs, under the FLSA and NYLL.

*Defendants:*

Plaintiffs were not underpaid, and there is no sufficient class of similarly situated individuals so as to justify class or collective certification. Moreover, as outlined in Defendants' Pre-Motion Conference Request Letter dated April 17, 2023, (Dkt. No. 15), Plaintiffs were both employed by 26 Motors Corp., and the remaining corporate Defendants played no role in the terms of Plaintiffs' employment or the payments made to them. Further, the individually named Defendants bear no liability for the allegations set forth herein as they did not personally direct or oversee the terms of Plaintiffs' employment, and thus this action as against all of them is also subject to summary dismissal.

**2) Basis for Jurisdiction and Venue:**

This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § § 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391. Defendants own and operate a chain of pre-owned car dealerships in New York under the trade name "26 Motors" through 26 Motors Corp, with a principal place of business at 4015 Boston Road, Bronx. NY 10466, and a place of incorporation located at 3981 Boston Road, Bronx, NY.

**3) A statement of all existing deadlines, due dates, and/or cut-off dates:**

*Plaintiffs:*

N/A.

*Defendants:*

N/A

**4) A brief description of any outstanding motions, as well as any contemplated motions for class or collective action certification:**

*Plaintiffs:*

At this time there are no motions outstanding. Plaintiffs anticipate a 216(b) Motion for Conditional Class Certification, Rule 23 Class Certification Motion, and Summary Judgment Motion.

*Defendants:*

Defendants contemplate a summary judgment motion as to all Defendants save 26 Motors Corp.

**5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations and/or mediation:**

*Plaintiffs:*

No discovery has taken place. Plaintiffs will seek discovery concerning the employment of Plaintiffs, including, but not limited to, Plaintiffs' personnel files, time records, wage statements, wage notices, and employment handbooks/manuals. Plaintiffs will also be seeking a sampling of class-wide discovery for non-exempt employees.

*Defendants:*

No discovery has taken place, and none is required for the parties to engage in meaningful settlement negotiations, as evidenced by the fact that Defendants already made a Rule 68 Offer of Judgment that was accepted by Plaintiff Guzman, albeit under circumstances warranting a withdrawal of that Offer and further negotiation as set forth below.

**6) A statement describing the status of any settlement discussions and whether the parties would prefer to opt out of automatic mediation and, if so, the basis for opting out:**

*Plaintiffs:*

Defendants offered to settle Plaintiff Guzman's claims through an offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, served on Plaintiffs' counsel via email on May 1, 2023, and accepted by Plaintiff Guzman on May 12, 2023 (Dkt. Nos. 19-20). Defendants are now attempting to withdraw the offer of judgment (Dkt. No. 21). In response to the Court's May 19, 2023 Order (Dkt. No. 23), Plaintiffs affirm that there was no discussion whatsoever about any offer of judgment. Plaintiffs' understanding also is that Defendants were dissolving their business in response to other pending litigation, to which my firm is not a part of, regarding consumer fraud.

Plaintiffs believe that mediation of Plaintiff Mora's claims would be appropriate after the conditional certification motion is resolved.

*Defendants:*

Defendants' dispute Plaintiffs' affirmation that counsel had no discussion as to whether Defendants' Rule 68 Offer of Judgment (the "Offer") was intended to end this litigation entirely. Prior to serving the Offer, counsel discussed this case and the prospect of settlement at length via telephone. Defendants' counsel explicitly advised that 26 Motors is facing existential threats and that it would soon cease business and dissolve and that settlement was of interest specifically and exclusively for the purpose of terminating all employment litigation as part of 26 Motors Corp. winding down its business.

Following that discussion and in that context, Defendants served the Offer. The background discussion certainly conveyed that Defendants made the Offer with the goal of resolving foreclosing any further litigation regarding the disputed class or collective certification sought by Plaintiff's counsel herein. Plaintiffs' counsel's maneuver of amending the Complaint thereafter to add Mora as an individual and representative Plaintiff and only then accepting Defendants' Offer as to Guzman, the sole individual Plaintiff at the time that Offer was made, was transparently designed to circumvent Defendants' explicit goal of resolving this litigation in its entirety through settlement of the Guzman case.

While Defendants remain willing to engage in settlement discussions with an eye towards resolving this dispute in its entirety, now including Plaintiff Mora, Plaintiffs' counsel should not be rewarded for his sharp practice.

7) **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case**

*Plaintiffs:*

    N/A

*Defendants:*

    N/A

    We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF