**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**JESSICA GUZMAN and JOCELYNNE MORA,** *on behalf of themselves, FLSA Collective Plaintiffs, and the Class*,

                    **Plaintiff,**

- against -

**26 MOTORS CORP. d/b/a 26 MOTORS, 26 QUEENS INC. d/b/a 26 MOTORS, 26 MOTORS JAMAICA INC. d/b/a 26 MOTORS, 26 MOTORS LONG ISLAND LLC d/b/a 26 MOTORS, 26 MOTORS OF FRANKLIN SQUARE LLC d/b/a 26 MOTORS, MOSHE POURAD, YOSEF AYZENCOT, and AHARON BENHAMNO,**

                    **Defendants.**
-------------------------------------------------------------------X

Case No. 23-CV-00283-KPF

**ANSWER TO AMENDED CLASS AND COLLECTIVE COMPLAINT**

      Defendants 26 MOTORS CORP., 26 MOTORS QUEENS INC., 26 MOTORS JAMAICA INC., 26 MOTORS LONG ISLAND LLC, 26 MOTORS OF FRANKLIN SQUARE LLC, (sometimes collectively the "Corporate Defendants") MOSHE POURAD ("Pourad"), YOSEF AYZENCOT ("Ayzencot"), and AHARON BENHAMO ("Ben Hamo") (sometimes collectively "Defendants"), by their attorneys, Nicholas Goodman & Associates, PLLC, Answer the First Amended Class and Collective Action Complaint (the "Complaint") filed by Plaintiff JOCELYNNE MORA ("Plaintiff"), upon information and belief, as follows:

### Answering Introduction

      1.    The allegations contained in Paragraph "1" of Plaintiff's Complaint characterize this lawsuit and constitute conclusions of law to which Defendants makes no answer save to demand strict proof thereof, and Defendants respectfully refer all questions of law to the Court. To the extent any response is required, Defendants deny any conduct that forms the basis of the claims set forth herein.

2. The allegations contained in Paragraph "2" of Plaintiff's Complaint characterize the lawsuit and constitute conclusions of law to which Defendants makes no answer save to demand strict proof thereof, and respectfully refers all questions of law to the Court. To the extent any response is required, Defendants deny any conduct that forms the basis of the claims set forth herein.

### Answering Jurisdiction and Venue

3. The allegations set forth in Paragraph "3" of Plaintiff's Complaint state a conclusion of law that does not require a response, except that Defendants refer all questions of law to the Court and otherwise deny the allegations set forth therein.

4. The allegations set forth in Paragraph "4" of Plaintiff's Complaint state a conclusion of law that does not require a response, except that Defendants refer all questions of law to the Court and otherwise deny the allegations set forth therein.

### Answer Parties

5. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "5" of Plaintiff's Complaint.

6. Defendants deny having knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph "6" of Plaintiff's Complaint.

7. Deny.

8. Deny.

9. Deny.

10. Deny.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Admit only that Ben Hamo had a passive ownership interest in 26 Motors Corp. and 26 Motors Queens, Inc., and otherwise deny the allegations set forth in Paragraph "15" of Plaintiff's Complaint, especially and specifically denying that Ben Hamo ever played any role whatsoever in setting the terms and conditions of Plaintiff's employment, or ever exercised any power or authority affecting her employment, or the employment of the contemplated collective Plaintiffs or class members herein.

16. Deny.

17. The unauthenticated document attached to Plaintiff's Complaint as Exhibit "A" speaks for itself, and Defendants otherwise deny the allegations set forth in Paragraph "17" of Plaintiff's Complaint.

18. The unauthenticated document attached to Plaintiff's Complaint as Exhibit "A" speaks for itself, and Defendants otherwise deny the allegations set forth in Paragraph "18" of Plaintiff's Complaint.

19. The unauthenticated document attached to Plaintiff's Complaint as Exhibit "B" speaks for itself, and Defendants otherwise deny the allegations set forth in Paragraph "19" of Plaintiff's Complaint.

20. The unauthenticated document attached to Plaintiff's Complaint as Exhibit "B" speaks for itself.

21. Deny.

22. Deny.

**Answering Defendants Constitute a Single Integrated Enterprise**

23. Deny.

24. Admit only that certain corporate entities operate used car dealerships at various locations under the trade name "26 Motors" which were at certain times advertised via a common website, and otherwise deny the allegations set forth in Paragraph "24" of Plaintiff's Complaint.

25. Admit only that certain corporate entities operate used car dealerships at various locations under the trade name "26 Motors" which were at certain times advertised via a common website, and otherwise deny the allegations set forth in Paragraph "25" of Plaintiff's Complaint.

26. The website identified in Paragraph "26" of Plaintiff's Complaint speaks for itself, and Defendants otherwise deny the allegations set forth therein.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Paragraph "36" states a conclusion of law that does not require a response, except that Defendants refer all questions of law to the Court and otherwise deny the allegations set forth therein.

37. Paragraph "37" states a conclusion of law that does not require a response, except that Defendants refer all questions of law to the Court and otherwise deny the allegations set forth therein.

**Answering FLSA Collective Action Allegations**

38. The allegations contained in Paragraph "38" of Plaintiff's Complaint characterize the lawsuit and constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully refer all questions of law to the Court. To the extent any response is required, Defendants deny any actionable conduct.

39. Deny.

40. Paragraph "40" states a conclusion of law that does not require a response, except that Defendants refer all questions of law to the Court and otherwise deny the allegations set forth therein.

**Answering Rule 23 Class Allegations – New York**

41. The allegations contained in Paragraph "41" of Plaintiff's Complaint characterize the lawsuit and constitute conclusions of law to which Defendants make no answer save to demand strict proof thereof, and respectfully refer all questions of law to the Court. To the extent any response is required, Defendants deny any actionable conduct.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

**Answer Statement of Facts**

49. Plaintiff Guzman was terminated from this action pursuant to the Order dated June 1, 2023 (Docket Number 27), and thus the factual allegations relating to her are moot. To the extent that

5

a response is required, Defendants deny the allegations set forth in Paragraph "49" of Plaintiff's Complaint.

50. Plaintiff Guzman was terminated from this action pursuant to the Order dated June 1, 2023 (Docket Number 27), and thus the factual allegations relating to her are moot. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph "50" of Plaintiff's Complaint.

51. Plaintiff Guzman was terminated from this action pursuant to the Order dated June 1, 2023 (Docket Number 27), and thus the factual allegations relating to her are moot. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph "51" of Plaintiff's Complaint.

52. Plaintiff Guzman was terminated from this action pursuant to the Order dated June 1, 2023 (Docket Number 27), and thus the factual allegations relating to her are moot. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph "52" of Plaintiff's Complaint.

53. Plaintiff Guzman was terminated from this action pursuant to the Order dated June 1, 2023 (Docket Number 27), and thus the factual allegations relating to her are moot. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph "53" of Plaintiff's Complaint.

54. Plaintiff Guzman was terminated from this action pursuant to the Order dated June 1, 2023 (Docket Number 27), and thus the factual allegations relating to her are moot. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph "54" of Plaintiff's Complaint.

55. Plaintiff Guzman was terminated from this action pursuant to the Order dated June 1, 2023 (Docket Number 27), and thus the factual allegations relating to her are moot. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph "55" of Plaintiff's Complaint.

56. Plaintiff Guzman was terminated from this action pursuant to the Order dated June 1, 2023 (Docket Number 27), and thus the factual allegations relating to her are moot. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph "56" of Plaintiff's Complaint.

**Answering Plaintiff Mora**

57. Defendants admit only that Plaintiff Mora was employed by one of the Corporate Defendants at various times between November 2020 through January 2023, and otherwise deny the allegations set forth in Paragraph "57" of Plaintiff's Complaint.

58. Defendants admit only that Plaintiff Mora was employed by one of the Corporate Defendants as a Business Development Center Representative from November 2020 through September 2021, and otherwise deny the allegations set forth in Paragraph "58" of Plaintiff's Complaint.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

**Answering WTPA Allegations**

64. Deny.

65. Deny.

66. Deny.

67. Paragraph "67" contains opinion and a statement of law that do not require a response, except that Defendants refer all questions of law to the Court and otherwise deny the allegations set forth therein.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

<b><u>Answering General Allegations</u></b>

78. Deny.

79. Deny.

80. Deny.

81. Deny.

<b><u>Answering Statement of Claim - Count I</u></b><br><b>(Violations of the Fair Labor Standards Act)</b>

82. Defendants repeat and reallege each and every response to Paragraphs "1" through "81" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

## Answering Count II
### (Violation of the New York Labor Law)

92. Defendants repeat and reallege each and every response to Paragraphs "1" through "91" of Plaintiff's Complaint with the same force and effect as though fully set forth again herein.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

## Answering Plaintiff's Prayer for Relief

99. Defendants deny that Plaintiff is entitled to the relief described in the "WHEREFORE" clause of the Complaint, including Sub-Paragraphs "a" through "k" thereof.

**GENERAL DENIAL**

100. Defendants deny each and every allegation contained in Plaintiff's Complaint that is not expressly admitted and further deny that Plaintiff is entitled to any relief or recovery whatsoever in this action.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

101. Defendants made complete and timely payment of all wages due to Plaintiff(s) in accordance with all applicable state and federal law.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

102. Plaintiff's Complaint, in whole or in part, is barred by the applicable 6-year statute of limitations under the New York Labor Law, the 2-year statute of limitations for non-willful violations of the FLSA, and the 3-year statute of limitations for allegedly willful violations of the FLSA.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

103. Plaintiff may not recover liquidated damages because (i) Defendants acted reasonably and in good faith, had reasonable grounds for believing that its acts were not in violation of the FLSA and/or New York Labor Law, and did not commit any willful violation of any provisions of those laws; (ii) Defendants did not authorize or ratify any willful violation with respect to the Plaintiff; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

104. Plaintiff's Complaint should be dismissed because Plaintiff has failed to satisfy the statutory prerequisites and requirements for bringing some or all of the claims alleged in the Complaint, and failed to exhaust her administrative remedies.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

105. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

106. Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to the Plaintiff for periods not compensable under the FLSA and the New York Labor Law.

### **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

107. Defendants at all times complied with all FLSA and New York Labor Law record keeping requirements.

### **AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE**

108. Plaintiff has failed to mitigate her damages.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

109. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits recoupments or offsets permissible under the FLSA or the New York Labor Law.

### **AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

110. Plaintiff is exempt from the minimum wage and overtime requirements of the FLSA and New York Labor Law under the administrative exemption.

### **RESERVATION OF RIGHTS**

111. Defendants expressly reserve the right to amend and/or supplement their answer, defenses, and all other pleadings. Defendants raise each and every defense (at law, in equity, or otherwise) available under any and all federal and state statutes, laws, rules, regulations, or other creations, including common law. Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them and

therefore reserve the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery or otherwise.

## DEMAND FOR JURY TRIAL

112. Defendants hereby demand a jury trial of this action.

**WHEREFORE,** Defendants request that this Court enter an Order denying all relief sought by Plaintiff in her First Amended Class and Collective Action Complaint and rendering judgment in favor of Defendants dismissing Plaintiff's First Amended Class and Collective Action Complaint in its entirety, together with the costs and disbursements of this action, including reasonable attorneys' fees, and all other costs herein, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 30, 2023

                                        Yours, etc.
                                        NICHOLAS GOODMAN & ASSOCIATES, PLLC

BY: _____
                                        Patrick L. Selvey
                                        *Attorneys for Defendants*
                                        333 Park Avenue South, Suite 3A
                                        New York, New York 10010
                                        (212) 227-9003
                                        pselvey@ngoodmanlaw.com

TO: **Via ECF**
      C.K. Lee
      LEE LITIGATION GROUP, PLLC
      *Attorneys for Plaintiff*
      148 West 24th Street, 8th Floor
      New York, New York 10016
      (212) 465-1188
      cklee@leelitigation.com